## Commonwealth v. McMullin.

*J. Howard Jacobs*, for defendant, petitioner.

*David F. Mauger*, District Attorney, for Commonwealth.

SCHAEFFER, P. J., Dec. 5, 1927.—This matter is before us upon the petition of Robert James McMullin, praying for the remission of a forfeited recognizance and the return of the $1400 in cash deposited by the petitioner as security for the appearance of the defendant at September Sessions. The recognizance was dated June 24, 1927. On July 15, 1927, said defendant was arrested upon the charge of bigamy in the County of Philadelphia, and on Aug. 8, 1927, tried, convicted and sentenced to imprisonment in the prison of Philadelphia County for the term of six months. The petition now before us was presented on Sept. 12, 1927, the day upon which the defendant was bound to appear. Because of his imprisonment in Philadelphia, the defendant was unable to appear here at the time stipulated, and his recognizance declared forfeited.

The District Attorney of Berks County has lodged a detainer for the said defendant with the Warden of the Philadelphia County Prison.

We believe the rule applicable to this case to be as set forth in 2 Blackstone's Comm., 341: "If the condition (of the bond) be possible at the time of making it, and afterwards becomes impossible by the act of God, the act of law or the act of the obligee himself, there the penalty of the obligation is saved." See Com. *v.* Moran, 58 Pa. Superior Ct. 362, 369. In our case, the defendant, James McMullin, was in prison in Philadelphia County under sentence imposed by a court of this Commonwealth on the day on which he was bound by his recognizance to appear here for trial. It is plain, therefore, that the default in appearance must be attributed to an act of the law rather than to any default upon the part of the petitioner who had deposited the money. In view of these circumstances and the fact that a detainer has been lodged with the warden of the Philadelphia prison for his surrender to officers from this county upon termination of his Philadelphia sentence, we believe this to be a case where the forfeiture should be remitted, and the cash repaid after deduction of costs thus far incurred in the case and of a sum sufficient to defray the expenses of officers to be sent to Philadelphia to receive the prisoner, for the condition of the recognizance required the defendant's appearance in this court and not in Philadelphia. It is only right, therefore, that the costs of bringing the defendant to this court should be deducted from the money in hand.

As the Act of March 19, 1925, P. L. 49, under which this cash was deposited, authorizes its deposit by the party or parties required to give and enter bail or by any other person or persons in their behalf, the rule requiring repayment to the defendant and not to any other person, as in the cases arising under the Acts of May 1, 1919, P. L. 102, and April 7, 1921, P. L. 118, does not apply.

And now, to wit, Dec. 5, 1927, the Clerk of the Court of Quarter Sessions is hereby authorized and directed to pay to Robert James McMullin the $1400

cash bail deposited with said clerk by said Robert James McMullin to secure the appearance of James McMullin at our court on Sept. 2, 1927, after deducting therefrom (1) his commission for receipting and paying out said moneys; (2) the total amount of all costs now taxable in the case of the Commonwealth *v.* James McMullin, No. 1, September Sessions, 1927; and (3) the sum of $50 which is to be retained by said clerk to be used to pay the necessary and reasonable expenses, if any, of bringing the defendant, James McMullin, from Philadelphia, Pennsylvania, to Reading, Pennsylvania, to answer the indictment in this case, after which the balance of said sum of $50, if any, shall be repaid to the petitioner, Robert James McMullin.

From Charles K. Derr, Reading, Pa.